## James Fitzsimmons, Appellant, *v.* John S. Robb.

*Equity—Findings of fact—Partnership—Attorneys at law—Accounting.*

On a bill in equity by one attorney at law against another attorney at law for an accounting under an alleged partnership agreement, the Supreme Court will not reverse the finding of the trial judge based on sufficient evidence, to the effect that no general partnership existed as between the parties, but that the plaintiff was to receive and retain all fees from civil cases, and the defendant all fees from criminal cases.

There having been no general partnership between the parties, but merely an arrangement that one should receive and retain the fees from civil cases, and the other those from the criminal business, and this having been done, there is no occasion for an accounting.

Argued Oct. 25, 1899. Appeal, No. 63, Oct. T., 1899, by plaintiff, from decree of C. P. No. 1, Allegheny Co., June T., 1895, No. 884, dismissing bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Bill in equity for an account. Before COLLIER and SLAGLE, JJ.

The facts appear by the opinion of the court below, which was as follows:

The evidence clearly shows that the defendant allowed the use of his name as Robb & Fitzsimmons on their office building;

that the name of Robb & Fitzsimmons was on letter heads used by both Mr. Robb and Mr. Fitzsimmons; that Mr. Robb frequently said Mr. Fitzsimmons was his partner; and that the name of Robb & Fitzsimmons was entered in suits of record in the various courts. This evidence would make them general partners as to the public dealing with them, as such. But the question for our determination is, as between themselves, was there a general partnership in the law business, that is, was there a partnership in which each of the parties was to participate mutually and equally in the fees and professional rewards and emoluments earned by them or either of them during the continuation of said partnership? Or was the arrangement the one set up in defendant's answer, viz: " Mr. Fitzsimmons was to have the entire civil business, its fees and emoluments, and Mr. Robb the criminal business." To determine this we find the following facts:

1. A partnership of some kind was formed in April, 1877, for the practice of law, which was continued without any settlement or accounting until December 15, 1893, when it was dissolved, the partnership having continued for a period of about sixteen years and eight months.

2. During the first six years of the partnership Mr. Robb was district attorney of Allegheny county, and was receiving the regular salary attached to that office.

3. During this period, as well as during the entire period and duration of the partnership, Mr. Fitzsimmons attended to the civil business, received and retained the fees therefor, except in a few special instances, in which both Mr. Robb and Mr. Fitzsimmons were concerned, in which cases the fees were divided as received, and all such cases have been settled. During the entire existence of the partnership Mr. Robb attended to the criminal business, received and retained the fees therefor as did Mr. Fitzsimmons as to the civil business.

4. No regular or intelligible partnership books were kept. Mr. Robb kept no books, and the books kept by Mr. Fitzsimmons contained no account whatever of the fees received by Mr. Robb from the criminal business, nor do they show any intelligible account of the fees received and retained by Mr. Fitzsimmons from the civil business attended to by him; indeed it would be impossible for Mr. Fitzsimmons, from the books

and data in his possession, to determine the amount of fees received and retained by him.

5. Although the partnership continued for sixteen years and eight months, no statement or settlement was made between the parties, nor any suggestion by Mr. Fitzsimmons of indebtedness from one to the other, earlier than February, 1893, and no direct demand by him until December 15, 1893, the day the partnership was dissolved.

6. From the foregoing facts and the corroborating testimony of Mr. Robb, Jr., and Mr. McKenna, we find that there was not a general partnership existing between the parties, but that the arrangement was as set up by the defendant, viz : that Mr. Fitzsimmons was to take charge of all the civil business and was to receive and retain to his own use the fees and emoluments thereof; and that Mr. Robb was to take charge of all the criminal business, that is, all business not included in the term civil business, and to receive and retain to his own use all the fees and emoluments derived therefrom.

### CONCLUSIONS OF LAW.

Having found that there was no general partnership, as between themselves, existing between the plaintiff and defendant, but that the arrangement was that Mr. Fitzsimmons should receive and retain the fees from the civil business and Mr. Robb the fees from the criminal business, and that each has received and retained the fees according to the arrangement, there is nothing to account for and the bill must be dismissed.

Bill dismissed at the cost of plaintiff.

*Error assigned* was the decree of the court.

*A. C. Johnston,* with him *J. G. White* and *C. S. Fetterman,* for appellant.

*W. B. Rodgers,* for appellee.

PER CURIAM, November 6, 1899 :
We find no error in this record that requires reversal or modification of the decree dismissing the bill at plaintiff's costs. The decree is the logical sequence of the facts properly found

by the learned trial judge. His findings, including those re-
cited in the second to the sixth specifications of error, inclusive,
were fully warranted by the pleadings and evidence. In sup-
port of this conclusion, it is unnecessary to refer in detail to
the evidence. To do so would consume much time to no use-
ful purpose. We have no doubt as to the substantial correct-
ness of the learned judge's findings of fact.

As recited in the seventh specification his general conclusion
of law is as follows : " Having found that there was no general
partnership as between themselves, existing between the plain-
tiff and defendant, and that the arrangement was that Mr.
Fitzsimmons was to receive and retain all fees from the civil
business, and Mr. Robb all fees from the criminal business, and
that each has received and retained the fees according to the
agreement, there is nothing to account for and the bill must be
dismissed."

This controlling conclusion is so clearly correct that further
comment is unnecessary.

Neither of the specifications of error is sustained. On the
facts properly found by the learned trial judge, the decree is
affirmed and appeal dismissed at appellant's costs.